# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2010

Lyle W. Cayce
Clerk

No. 09-60936
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DENNIS ROGERS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:05-CR-19-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Dennis Rogers appeals the sentence imposed following his guilty plea conviction for distribution of cocaine base. According to Rogers, the district court erred in considering as relevant quantity the drug quantity alleged in count two of the indictment, which was dismissed. He contends that when he pleaded guilty, he believed his sentence would be based solely on the count to which he pleaded guilty. He also asserts that the district court erred in denying his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion for a downward departure based in part of this ground without analysis and without providing reasons for its decision.

Because Rogers did not raise this argument in the district court, review is limited to plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Rogers has not shown that the district court plainly erred in considering the drug quantity alleged in count two as relevant conduct in calculating his offense level. The indictment and the factual basis provided that Rogers made two separate distributions of cocaine base to the same confidential informant at the same location within a one-month period. At the rearraignment, Rogers admitted that the facts set forth in the factual basis were true. Given the degree of similarity, regularity, and the close temporal proximity of the two distributions, there was no error, plain or otherwise, in the district court's determination that the offenses were part of a common scheme or plan. *See United States v. Ocana*, 204 F.3d 585, 591 (5th Cir. 2000); *see also United States v. Bryant*, 991 F.2d 171, 177 (5th Cir. 1993); *United States v. Bethley*, 973 F.2d 396, 401 (5th Cir. 1992). This argument, therefore, does not warrant reversal of the sentence imposed.

Because the district court heard arguments regarding Rogers's motion for a downward departure and implicitly denied it by imposing a guidelines sentence, this court has no jurisdiction to consider his argument challenging the denial of the downward departure. *See United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006). To the extent that Rogers sought a variance based on *United States v. Booker*, 543 U.S. 220 (2005), he has not shown that his within guidelines sentence was unreasonable. *See United States v. Gomez-Herrera*, 523

F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).  We dismiss the portion of the appeal challenging the denial of the downward departure and affirm the sentence.

The appeal of the downward departure denial is DISMISSED; the sentence is AFFIRMED.